UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY NEITLING,

    Plaintiff,

v.                                                          Case. No. 12-15576
                                                            Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 21, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Plaintiff filed this action seeking a period of disability and disability insurance benefits under the Social Security Act.  This matter currently comes before the Court on the Magistrate Judge's Report and Recommendation [dkt 17], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt 12] be granted,  Defendant's Motion for Summary Judgment [dkt 15] be denied, and that this case be remanded for further proceedings under the fourth sentence of 42 U.S.C. § 405(g).  Defendant has filed an objection to the Magistrate Judge's Report and Recommendation [dkt 19] and Plaintiff responded to Defendant's objections [dkt 21].

The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, Defendant's objection and Plaintiff's response.  For the reasons discussed below, the Court ADOPTS the Magistrate Judge's Report and Recommendation.  Defendant's Motion for

Summary Judgment is DENIED, Plaintiff's Motion for Summary Judgment is GRANTED, and this case is remanded for further proceedings. The Court will, however, briefly address Defendant's objection.

## II. LEGAL STANDARD

The Court examines an ALJ's decision to determine if the correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). The Court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision was supported by substantial evidence and decided under the correct legal standard, the Court must affirm the Commissioner's decision even if it may decide the case differently, and even if substantial evidence also supports the claimant's position. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

## III. ANALYSIS

Defendant raises two objections to the Magistrate Judge's Report and Recommendation.

First, Defendant asserts the Magistrate Judge incorrectly concluded that the ALJ's narrative description of the evidence relied upon must explicitly describe how the evidence supports each individual finding. Defendant claims—by citing *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542 (6th Cir. 2002)—that the Sixth Circuit has found that Social Security Ruling ("SSR") 96-8p does not "require ALJs to produce such a detailed statement in writing." Defendant further contends that the narrative statements provided by the ALJ at various points in his ruling make clear what evidence he was relying upon. Finally, even if these statements were insufficient, Defendant contends the ALJ's alternative finding—which included the conclusions of an examining doctor who imposed restrictions on Plaintiff—was articulated well enough to provide the narrative description required by SSR 96-8p.

Defendant's reliance on *Delagado* is in error: Defendant's misrepresentation of the Sixth Circuit in this unreported opinion is clear. While the Sixth Circuit did literally print the aforementioned phrase, it was done so only to reference a Third Circuit case, and was not mentioned to provide any sort of precedential value. The Sixth Circuit in *Delgado* mentioned SSR 96-8p solely for the purpose of establishing that an ALJ need not decide or discuss an uncontested issue; indeed, the Sixth Circuit states "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Delegado,* 30 F. App'x at 548 (quoting *Bencivengo v. Comm'r of Soc. Sec.*, 251 F. 3d 153, No. 00-1995 (3rd Cir. Dec. 19, 2000)).

With regards to Defendant's contentions concerning the sufficiency of the ALJ's narratives, the Court is unconvinced. The Magistrate Judge accurately pointed out the lack of narrative from the ALJ that attempts to connect the bridge between the evidence in the record and his residual

3

functional capacity ("RFC") determination. The conclusory statements the ALJ provides regarding the applicability of the evidence to his RFC determination are insufficient.[1] Although Defendant provides several explanations as to how the ALJ's opinion *may* support his RFC determination, the Court may not substitute Defendant's interpretation of evidence for those of the ALJ's. As such, the Court finds the ALJ failed to describe how the evidence he cited supports his RFC determination.

Defendant's second objection deals with the Magistrate Judge's suggestion that the ALJ on remand should address and provide further support for his decision to discount the opinion of Dr. Paul LaClair.[2] Defendant asserts the ALJ's finding that Plaintiff could do a significant amount of light work would still be valid. The Court finds this objection is merely a restatement of the one previously addressed above. Defendant, in referring to the ALJ's description of Dr. LaClair's opinion, is simply offering another possible explanation as to how the evidence *may* support the ALJ's findings. Furthermore, the Magistrate Judge's recommendation is just that: a recommendation. The Magistrate Judge is simply referring to one of the many pieces of evidence the ALJ should consider and address in crafting his narrative linking the evidence in the record to whatever conclusions he may reach on remand.

---

1. The Court finds that the ALJ simply stating he has "accounted for all of the claimant's symptoms," in his CFR determination does not satisfy the requirements of SSR 96-8p.

2. Plaintiff saw Dr. LaClair for an independent medical examination.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Court ADOPTS the Magistrate Judge's Report and Recommendation [dkt 17].  Plaintiff's Motion for Summary Judgment is GRANTED [dkt 12], Defendant's Motion for Summary Judgment is DENIED [dkt 15], and this case is remanded for further proceedings consistent with the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

Date:  February 21, 2014

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE